IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN J. SECO DE LUCENA**,

**Petitioner,**

**v.**                                                                   **No. 16-0099-DRH**

**UNITED STATES OF AMERICA,**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is John J. Seco De Lucena's January 22, 2016 28 U.S.C. § 2255 petition (Doc. 1). This is not Seco De Lucena's first § 2255 petition. On February 27, 2006, Seco De Lucena filed a 28 U.S.C. § 2255 petition. *See Seco De Lucena v. United States*, 06-0174-DRH (Doc. 1). On April 27, 2006, the undersigned dismissed with prejudice that petition and judgment was entered. *Id.* at Docs. 4 & 5. Thereafter, Seco De Lucena appealed to the Seventh Circuit Court of Appeals. *Id.* at 8. On July 30, 2007, the Seventh Circuit issued its Mandate dismissing the appeal for failure to timely pay the required docketing fee. *Id.* at Doc. 22.

Because Seco De Lucena previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ §

2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Seco De Lucena contends that he has "simultaneously filed with the Circuit Court of Appeals (7th Cir.), for permission to file relief under second or successive § 2255 (see) Court of appeals [sic] docket no. 16-1166 U.S. Court of Appeals for the Seventh Circuit." (Doc. 7). Obviously, this does not constitute authorization from the Seventh Circuit Court of Appeals. Further, this Court cannot provide Seco De Lucena with the authorization to proceed with this 2255 petition. Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Seco De Lucena's petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should

issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Seco De Lucena's 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability. If the Seventh Circuit Court of Appeals issues Seco De Lucena authorization to file a successive 28 U.S.C. § 2255 petition, he may file the petition with this Court.

**IT IS SO ORDERED.**

Signed this 8th day of February, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.02.08
11:29:47 -06'00'

**United States District Court**